IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| JUDY MAE FILLINGER, | ) | CASE NO. 1:13 CV 898 |
| | ) | |
| Plaintiff, | ) | MAGISTRATE JUDGE |
| | ) | WILLIAM H. BAUGHMAN, JR. |
| v. | ) | |
| | ) | |
| LERNER, SAMPSON & ROTHFUSS, *et al.*, | ) | **MEMORANDUM OPINION &** |
| | ) | **ORDER** |
| Defendants. | ) | |

## Introduction

Before me[1] in this matter arising under the Fair Debt Collection Practices Act ("FDCPA") are separate, though identical, motions by defendants Lerner, Sampson and Rothfuss ("LSR")[2] and Morgan Stanley Credit Corporation ("Morgan Stanley")[3] to dismiss the case against them under Federal Rule of Civil Procedure 12(b)(6) as time-barred, and because the claims are barred from consideration here by *res judicata* and issue preclusion. In addition, defendants Cenlar Federal Savings Bank ("Cenlar") and HSBC Bank USA, N.A., as Trustee for Sequoia Mortgage Trust 2003-3 Mortgage Pas-Through Certificates

---

[1] The parties have consented to my exercise of jurisdiction. ECF # 40.

[2] ECF # 7.

[3] ECF # 11.

("HSBC"), have jointly moved to dismiss the claims against them on the same grounds and for the same reasons as the other defendants.[4]

Plaintiff Judy Mae Fillinger has responded in opposition to all the defendants' motions,[5] to which LSR[6] and Morgan Stanley[7] have filed replies. Fillinger thereupon filed a sur-response[8] and what she styled a "supplemental response."[9]

In addition, subsequent to the above-referenced filings, all the defendants filed a notice of supplemental authority,[10] to which Fillinger responded.[11] Approximately four months later the defendants filed another notice of supplemental authority,[12] to which Fillinger filed no response.

For the reasons stated below, I will grant the defendants' motions to dismiss.

---

[4] ECF # 20.

[5] ECF #s 12 (response to LSR motion); 13 (response to Morgan Stanley motion); 21 (response to Cenlar motion); 22 (response to HSBC motion).

[6] ECF # 14.

[7] ECF # 15.

[8] ECF # 30.

[9] ECF # 37.

[10] ECF # 44.

[11] ECF # 45.

[12] ECF # 46.

## Facts

The facts relevant to adjudicating the present motions are straightforward.  Fillinger's complaint at its core is purportedly a "challenge [to the] frequent practice of the mortgage industry wherein the creditor tries to collect on its note and mortgage without revealing itself as creditor by having the servicer or the servicer's banking affiliate collect as if the creditor."[13] In this case, Fillinger contends that although the applicable note and mortgage was owned by Sequoia Mortgage Trust 2003-3 Mortgage Pass-Through Certificates, whose trustee is HSBC, the actual servicing of the note was done by Cenlar.[14] When Fillinger defaulted, LSR, representing Morgan Stanley and Cenlar, brought a foreclosure action, but, Fillinger maintains, did not reveal the Trust as the "real" creditor.[15]

Thus, Fillinger alleges, LSR violated the FDCPA by not permitting her to adequately defend herself in the foreclosure action.[16] And, she contends, the Trust's failure to identify itself as the creditor and to reveal its role in assigning the note to Morgan Stanley likewise

---

[13] ECF # 1 at 2.

[14] *Id.* at ¶¶ 8, 10.

[15] *Id.* at ¶¶ 23, 32, 33.

[16] *Id.* at ¶¶ 34, 35

denied her a chance to fully defend herself.[17] Similar accusations are made against Morgan Stanley[18] and Cenlar.[19]

In a recent decision, Judge Sara Lioi addressed identical claims under the FDCPA raised against LSR and other lenders, all asserted in the same language as in the present case and all represented by the same counsel. In *Wood v. Lerner Sampson & Rothfuss, et al.*,[20] LSR, as here, moved to dismiss the claims against it pursuant to Federal Rule of Civil Procedure 12(b)(6), while the other defendants moved for judgment on the pleadings under Rule 12(c).[21] In granting LSR's motion to dismiss, Judge Lioi extensively reviewed the scope of the FDCPA as it relates to the specific actions highlighted by the plaintiff in *Wood*[22] and at issue here, and found initially as follows:

> The gravamen of these two claims against LSR is that Freddie Mac, as the alleged "owner" of Wood's loan, should have been the foreclosure plaintiff, not CM I, the holder of the note and mortgage at the time the foreclosure complaint was filed. Wood thereby challenges "a frequent practice of the mortgage industry wherein the creditor tries to collect on its note and mortgage without revealing itself as creditor by having the servicer collect as if the creditor." (Compl., Introduction.)

---

[17] *Id.* at ¶ 71.

[18] *Id.* at ¶ 105.

[19] *Id.* at ¶ 140.

[20] *Wood v. Lerner Sampson & Rothfuss, et al.*, No. 1:13CV1669, 2014 WL 4249785 (N.D. Ohio Aug. 27, 2014).

[21] *Id.*, at *1.

[22] The plaintiff in *Wood* is Fillinger's attorney here.

In its motion to dismiss, LSR correctly argues that, under Ohio law, "the current holder of the note and mortgage is entitled to bring a foreclosure action against a defaulting mortgagor even if the current holder is not the owner of the note and mortgage." (Motion at 79 [quoting *ABN AMR O Mortg. Group, Inc. v. Evans*, No. 98777, 2013 WL 1696728, at *5 (Ohio Ct. App. Apr. 18, 2013) ].) The court in Evans specifically noted that A BN AMRO was the servicer and had been receiving payments on the loan the entire time the Evanses had been making them, and that "[t]he sale of the promissory note to Freddie Mac [prior to the filing of the foreclosure action] did not change this." (*Id.* at *6) LSR also points out that Wood acknowledges in his complaint that CM I was the holder of the note and mortgage by virtue of Freddie Mac's having "sent the Note and Mortgage to [CMI and LSR]." (Motion at 79 [quoting Compl. ¶¶ 33, 37, 39, 53, 57, and 59].)[23]

Moreover, she further found:

By plaintiff's own admission, CMI was the holder of the note and mortgage at the time the foreclosure action was filed, having received them from Freddie Mac (Compl. ¶ 33), and was, therefore, entitled under Ohio law to enforce the note and foreclose on the mortgage. The Court cannot perceive how there has been any "false suit," as alleged by plaintiff, that could have been a violation of the Act, at least not as the claim relates to LSR. Plaintiff has not referred the Court to any case law that holds otherwise.[24]

As noted above, the defendants here have jointly submitted the *Wood* decision as a basis for granting the motions to dismiss in this case.[25] As also noted, Fillinger has not responded to that notice.

---

[23] *Wood*, 2014 WL 4249785, at *7.

[24] *Id.*, at *10 (footnote omitted).

[25] ECF # 46.

-5-

**Analysis**

**A.     Relevant law – Rule 12(b)(6)**

In adjudicating a motion to dismiss for failure to state a claim upon which relief may be granted the court is required to "accept all well-pleaded allegations of the complaint as true and construe the complaint in the light most favorable to the plaintiff."[26] Although the complaint need not contain "detailed factual allegations," it does require more than "labels and conclusions" or "a formulaic recitation of the elements of a cause of action."[27] Thus, a complaint survives a motion to dismiss if it "contain[s] sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."[28] In that regard, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."

**B.     Application of relevant law – the motions to dismiss will be granted**

It is rare that a relevant precedent will be so closely matched to a current case. But, in this instance, *Wood* makes the identical claims as are made in this case. John Y. Wood, Fillinger's attorney here, was the named plaintiff in the *Wood* case. LSR, the defendant here, was also the defendant in the *Wood* case. In addition, the decision in *Wood* is recent and well-supported by an extensively researched and well-written opinion, which comes from

---

[26] *Dubay v. Wells*, 506 F.3d 422, 426 (6th Cir. 2007).

[27] *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

[28] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted).

another judge in this District. Further, the plaintiff here has made no effort to argue with the reasoning or result in *Wood*.

Accordingly, I adopt the analysis set forth by Judge Lioi in *Wood* and find that the motions to dismiss at issue here should be granted.

## Conclusion

For the reasons stated, the motions to dismiss filed by all defendants[29] are granted. By judgment, the matter here will be dismissed in its entirety with prejudice.

IT IS SO ORDERED.

Dated:  September 29, 2014                    s/ William H. Baughman, Jr.
                                              United States Magistrate Judge

---

[29] ECF #s 7, 11, 20.